# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **CHRISTIN LOONEY**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05CV00053 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **ITALIAN VILLAGE,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Defendant. | ) | |

*Hilary K. Johnson, Abingdon, Virginia, for Plaintiff; Steven R. Minor, Elliott Lawson & Minor, Bristol, Virginia, for Defendant.*

The plaintiff, Christin Looney, claims in this action that her former employer discriminated against her in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12101-12213 (West 2005). The defendant has moved for summary judgment on the ground that the plaintiff is unable to prove that the defendant met the ADA's definition of a covered employer. An employer is defined under the ADA as a person "who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 42 U.S.C.A. § 12111(5)(A). This requirement is a necessary element of the plaintiff's ADA claim. *See Arbaugh v. Y&H Corp.*, 126 S. Ct. 1235, 1244 (2006) (Title VII action).

Summary judgment is appropriate when there is "no genuine issue of material fact," given the parties' burdens of proof at trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *see* Fed. R. Civ. P. 56(c). In the present case the plaintiff has been unable to present evidence that would show that the defendant met this definition during the relevant times. Accordingly, summary judgment is appropriate.

For these reasons, the defendant's Motion for Summary Judgment will be granted by a separate judgment.

DATED: September 3, 2006

/s/ JAMES P. JONES
Chief United States District Judge

Case 1:05-cv-00053-JPJ-PMS   Document 47   Filed 09/03/06   Page 2 of 2   Pageid#: 151